IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § CRIMINAL ACTION NO. 4:18-CR-00216- |
| v. | § ALM-CAN-18 |
| | § |
| CELSO RODRIGUEZ A/K/A BIG PUN (18) | § |
| | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Celso Rodriguez, Jr.'s Motion to Dismiss the Indictment, or, in the alternative, For a Bill of Particulars ("Defendant's Motion") [Dkt. 738]. Defendant moves to dismiss the indictment under Federal Rule of Criminal Procedure Rule 12(b)(3)(B)(iii) for lack of specificity or alternatively under Rule 7(f) for an order "directing the Government to inform the defendant of the nature of the [sic] each charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trail [sic], and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense" [Dkt. 738]. The Government opposes Defendant's Motion [Dkt. 745]. United States District Judge Amos Mazzant, III has referred Defendant's Motion to the undersigned for consideration and a determination or recommended disposition. After reviewing the Motion [Dkt. 738] and all other relevant filings [including Dkts. 745; 823],[1] the Court recommends that the Motion be **DENIED**.

---

[1] At the time of filing the instant Motion, Defendant was represented by counsel James Morris. Subsequent to the filing of the Motion, Defendant was appointed new counsel due to Mr. Morris's impending retirement [Dkt. 743]. Defendant's new counsel advised the Court on June 16, 2020, that he persists in requesting the relief sought in the Motion filed by previous counsel [Dkt. 823]. New counsel stood upon the briefing already on file with the Court and advised the Court he did not intend to file any further supplemental briefing but rather requested the Court proceed in ruling on the Motion.

## APPLICABLE BACKGROUND

On November 15, 2018, the grand jury returned a two-count indictment in which Defendant was charged [Dkt. 1]. On February 6, 2019, the grand jury returned a fifteen-count Second Superseding Indictment, naming Defendant in each of Counts One, Two, and Three for conspiracy to possess with intent to manufacture and/or the intent to distribute methamphetamine, heroin, and cocaine, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 [Dkt. 311, Sealed]. Defendant Rodriguez claims the Second Superseding Indictment is "deficient," "lacks adequate specificity to provide Defendant with notice of the charges against him," and in the interest of fairness and justice should be dismissed, or the Government should be directed to inform Defendant of a list of particulars which Defendant claims are essential to his ability to prepare a defense for trial [Dkt. 738 at 1-3]. The Government contends, to the contrary, the charges are sufficiently specific and clear, and to require further disclosure would necessarily be a disclosure of evidence prior to trial [Dkt. 745]. Additionally, the Government argues it has provided Defendant with all of the discovery that it is required to divulge at this time and that Defendant cannot demonstrate any prejudice or point to the withholding of any fact or information which causes actual surprise or injury [Dkt. 745]. Defendant acknowledges the Government has provided discovery, but claims that of the discovery produced, the only potentially incriminating evidence thus far revealed has no factual, physical, or forensic support [Dkt. 738 at 2-3].

## LEGAL STANDARDS AND ANALYSIS

*Motion to Dismiss*

Rule 12 of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on

the merits." FED. R. CRIM. P. 12(b)(1).  This includes a pre-trial motion challenging the indictment for lack of specificity.  FED. R. CRIM. P. 12(b)(3)(B)(iii).

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."  FED. R. CRIM. P. 7(c)(1).  An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal to bar a subsequent prosecution.  *United States v. Heon Jong Yoo*, No. 6:18CR16, 2018 WL 9362570, at *2 (E.D. Tex. Nov. 8, 2018) (quoting *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)) ("'[I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged.'  The test for sufficiency is 'not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards[.]'").  Stated differently, "[t]he sufficiency of an indictment is judged by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense."  *United States v. Lightner*, No. H-18-513, 2018 WL 6602183, at *2 (S.D. Tex. Dec. 17, 2018) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986)).

Relevant herein, even though the indictment must contain "the essential facts" of the charged crime, the defendant is not entitled to "the evidentiary details by which the government plans to establish his guilt."  FED. R. CRIM. P. 7(c)(1); *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986) (citation omitted).  The Fifth Circuit has explained that "the language of the statute may guarantee sufficiency if all required elements are included in the statutory language."

*Id*. at 1171 (citation omitted).  Indeed, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits."  *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)), *cert. denied*, 423 U.S. 1087 (1976).  Allowing courts to evaluate the quality of evidence prior to trial runs "counter to the whole history of the grand jury institution," and, thus, courts cannot rule on motions to dismiss based on the sufficiency of the evidence.  *United States v. Strouse*, 286 F.3d 767, 773 (5th Cir. 2002) (citation omitted).

Accordingly, the central issue in considering Defendant's instant request to dismiss the indictment is whether Counts One, Two, and Three of the Second Superseding Indictment properly and adequately state the elements of the charged crimes.  *See United States v. Luna*, No. DR-06-CR-972-AM, 2014 WL 12861730, at *2 (W.D. Tex. Jan. 9, 2014) (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000)) ("Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged.").

The conspiracy provision of the Controlled Substances Act, 21 U.S.C. § 846, reads: "any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy."  21 U.S.C. § 846.  The Second Superseding Indictment alleges that Defendant conspired to violate 21 U.S.C. § 841, which provides that "it shall be unlawful for any person knowingly or intentionally . . . to . . . distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1). The elements for a controlled substance conspiracy charge are as follows:

> First: "That two or more persons, directly or indirectly, reached an agreement to" possess with the intent to distribute a controlled substance;
> Second: "That the defendant knew of the unlawful purpose of the agreement";
> Third: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and
> Fourth: "That the overall scope of the conspiracy involved at least" [insert quantity] "of methamphetamine, heroin, or cocaine"; and
> Fifth: "That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least" [insert quantity] of methamphetamine, heroin, or cocaine.

*See Pattern Crim. Jury Instr. 5th Cir. 2.97* (2019).

> According to the indictment, Defendant:
>
> (Count One) from sometime in or about July 2015, and continuously thereafter up to and including February 6, 2019, in the Eastern District of Texas and elsewhere, . . . [Defendant] Rodriguez [and other co-defendants] . . . did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), a violation of 21 U.S.C. § 841(a)(1).
>
> (Count Two) from sometime in or about July 2015, and continuously thereafter up to and including January 9, 2019, in the Eastern District of Texas and elsewhere, . . . [Defendant] Rodriguez [and other co-defendants] . . ., did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a violation of 21 U.S.C. § 841(a)(1).
>
> (Count Three) from sometime in or about July 2015, and continuously thereafter up to and including January 9, 2019, in the Eastern District of Texas and elsewhere, . . . [Defendant] Rodriguez [and co-defendants] . . ., did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 500 grams or more of a mixture of substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1).

[Dkt. 311, Sealed]. The indictment tracks the elements of §§ 841 and 846; Counts One, Two, and

Three meet the relatively low standard established by Rule 7(c)(1). *See United States v. Campbell*,

685 F.2d 131, 132 (5th Cir. 1982) ("In order to dismiss an indictment for failure to state an offense, the court must find that the indictment does not contain the elements of the offense intended to be charged."); *United States v. Adcox*, No. 15-00036, 2017 WL 2489998, at *2-3 (W.D. La. June 7, 2017) (describing general standards for evaluating sufficiency of indictment as relatively lenient and/or low). To reiterate, the Court is limited to determining whether the indictment meets the minimum constitutional standards, in that it contains the essential elements of the charged offense and fairly informs the defendant of the charge against him so that he can defend against the charge. Defendant has not shown that the Second Superseding Indictment fails to meet this standard. *See Luna*, 2014 WL 12861730, at *2 (denying a request to dismiss an indictment on an § 841 charge). Therefore, any request to dismiss the indictment should be denied.

*Bill of Particulars*

Rule 7(f) of the Federal Rules of Criminal Procedure provides the authority under which a bill of particulars may be obtained. FED. R. CRIM. P. 7(f) ("The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."). "The purpose of a bill of particulars is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citation omitted); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citation omitted) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution."). "A defendant possesses no right to a bill of particulars[.]" *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). Indeed, the granting or denial of a bill of particulars is within the sound discretion of the trial court. *Mackey*, 551 F.2d at 970. To that end, a court abuses its discretion in denying a motion for a bill

of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987). Conversely, "the trial court should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial." *United States v. Little*, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012) (citation omitted).

Defendant claims that the pleadings are deficient and that without additional information Defendant is unable to prepare his alibi defense and/or effectively cross examine the Government's witnesses. In support of his position, Defendant contends that the only evidence identified linking him to the alleged conspiracy, after reviewing all of the discovery produced by the Government, are "statements from two accomplice and/or co-conspirator unidentified witnesses . . . based solely on what those witnesses told law enforcement that a co-conspirator had told them that had happened at unknown times and places in the distant past" [Dkt. 738 at 3]. Defendant claims this is not sufficient to enable him to prepare for trial; and, as such, Defendant seeks "particulars" from the Government, specifically two categories of information: (1) the overt acts Defendant engaged in in furtherance of the conspiracy; and (2) the identification of confidential sources and/or co-conspirators:

> A. Identify and describe each date and place that Defendant committed an act in furtherance of the conspiracy to distribute methamphetamine, heroin, and cocaine.
> B. Identify Confidential Source CS-15-150348 who allegedly informed the Government that Defendant traded heroin to Joshua Ruiz for a white circa 2008-2009 Cadillac Escalade or any other vehicle.
> C. Identify and describe each date and place forming a basis for CS-15-150348's allegation that Defendant traded heroin to Joshua Ruiz for a white circa 2008-2009 Cadillac Escalade or any other vehicle.
> D. Identify and describe each date and place forming a basis for CS-15-150348's allegation that he/she overheard Joshua Ruiz speaking on the phone to Defendant where Defendant allegedly told Joshua Ruiz that he owed him money for an unknown amount of heroin.

    E. Identify the co-conspirator who allegedly informed the Government that he introduced Defendant to Joshua Ruiz in 2015 or 2016 and that Defendant supplied Joshua Ruiz with heroin and later introduced Defendant to a new supplier of heroin.

    F. Identify and describe the date and place that the co-conspirator referenced in question 5 above allegedly introduced Joshua Ruiz to the Defendant in 2015 or 2016.

[Dkt. 738 at 2].

### *Overt Acts*

A bill of particulars is not a discovery device. *United States v. Djuga*, No. 14-140, 2015 WL 1412100, at *2-3 (E.D. La. Mar. 25, 2015) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)); *Burgin*, 621 F.2d at 1359 (outlining that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"). And a defendant is not entitled to use a bill of particulars to discover all overt acts that might be proved at trial. *United States v. Bethany*, No. 3:18-CR-0297-S, 2020 WL 1976827, at *2 (N.D. Tex. Apr. 23, 2020) (citing *United States v. Shults*, No. 3:14-cr-00298-M, 2018 WL 5023779, at *1 (N.D. Tex. Sept. 18, 2018)); *United States v. Licciardi*, No. 14-284, 2016 WL 815509, at *4 (E.D. La. Mar. 2, 2016) (citing *Kilrain*, 566 F.2d at 985); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (citations omitted) ("[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]").

Here, Defendant is charged under 21 U.S.C. §§ 841(a)(1), 846. The indictment discloses the purpose of the alleged conspiracy, its timing,[2] the drugs purportedly involved, and alleges Defendant joined the agreement knowingly and voluntarily. A § 846 conspiracy charge does not require proof that Defendant actually distributed or possessed with intent to distribute any

---

[2] The precise date of the offense does not need to be alleged in the charging documents; alleging that an offense occurred on or about a certain date is sufficient. *United States v. Ellender*, 947 F.2d 748, 756 (5th Cir. 1991).

REPORT AND RECOMMENDATION – Page 8

controlled substance, or proof of an overt act to show participation in a drug conspiracy. Thus, the Government is not required to allege or prove at trial any specific overt acts by Defendant; the important element of a § 846 conspiracy charge is the agreement. *United States v. Shabani*, 513 U.S. 10, 11 (1994) ("This case asks us to consider whether 21 U.S.C. § 846, the drug conspiracy statute, requires the Government to prove that a conspirator committed an overt act in furtherance of the conspiracy. We conclude that it does not."); *United States v. Addison*, No. 14-1168, 2015 WL 1245556, at *4 (E.D. La. Mar. 18, 2015) (citing *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003)) (same). Defendant's Motion acknowledges that he has been told witnesses allege he was the source of supply for Ruiz (i.e., that an agreement existed between Defendant and Ruiz to distribute controlled substances) [Dkt. 738-1 at 3]. Moreover, "the fact that [Defendant] was charged only with conspiracy reduces the level of factual detail to which he is entitled with respect to the offenses which were the objects of the conspiracy." *Addison*, 2015 WL 1245556, at *4. Furthermore, the Government expressly represents that DEA agents have met with counsel and "explained the investigation and the specific evidence attributable to Defendant," including "provid[ing] the Defendant with specific overt acts which occurred during the term of the conspiracy in furtherance of the alleged conspiracy" [Dkt. 745 at 12-13]. As such, a bill of particulars containing the requested "overt acts" is not necessary and should be denied.

### *Identification of Co-conspirator/Confidential Source*

Defendant's Motion also requests the Government to identify a confidential informant and cooperating co-conspirator prior to trial. Defendant's Motion may in addition seek discovery of the statements of any such confidential informant and co-conspirator.[3] The Government responds

---

[3] The letters attached in support of Defendant's Motion request "copies of any statements of any alleged co-conspirator or co-defendant, whether charged or uncharged" [Dkt. 738-1 at 7]. Moreover, the Motion describes that the statements of the confidential source and/or co-conspirator are the only evidence linking him to the conspiracy and the

REPORT AND RECOMMENDATION – Page 9

that, to date, it has complied with all discovery procedures in this case, as well as its obligations under Rule 16, *Brady*, *Giglio*, and the Jencks Act.

To the extent, by and through his Motion, Defendant does seek discovery of any statements, the Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses, including coconspirators. *See* FED. R. CRIM. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]."); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) ("[T]he Jencks Act explicitly provides that statements of witnesses or prospective witnesses, including co-conspirators, are not discoverable until after the witness testifies[.]"). "While the Fifth Circuit encourages the 'salutary practice' of tendering the Jencks Act material prior to a witness testifying, it has held that early disclosure is not required by the Jencks Act or Rule 26.2." *United States v. Arriaga-Martinez*, No. 2:13-CR-00235 (1) DAE, 2013 WL 2617025, at *2 (W.D. Tex. June 10, 2013) (citing *United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir. 1979)). The Government too recognizes this principle, stating in its Response, "courts encourage the practice of disclosure of Jencks Act materials at such times as to expedite trials and to avoid potential *Brady* questions. The [G]overnment will observe that consideration [in this case] when providing witness statements and other witness information to the defendant" [Dkt. 745 at 17]. Insofar as Defendant does seek earlier discovery of any statements, the bill of particulars should be denied, except to the extent earlier disclosure is required by the Federal Rules, including Rule 16, *Brady*, or *Giglio*.

Turning to the identity of any alleged confidential informant and co-conspirator, "a bill of particulars is a proper procedure for discovering names of co[-]conspirators the Government plans

---

"particulars" listed seek to "[i]dentify and describe each date and place forming a basis for [the confidential source and/or co-conspirators] allegation" which may be intended as a request for statements [Dkt. 738 at 2].

to call as witnesses at trial." *Addison*, 2015 WL 1245556, at *4 (citing *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987)).  But "a motion for a bill of particulars will not be granted when it is being used only to obtain a list of the government's witnesses." *United States v. Holy Land Found. for Relief and Dev.*, No. 3:04-CR-240-G, 2007 WL 328833, at *3 (N.D. Tex. Feb.1, 2007) (Fish, C.J.) (citing *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976)).  "Rather, the trial court should grant the motion for a bill of particulars 'when the information is necessary' for the defendants to prepare for trial." *Id.* (quoting *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)).  "[D]efendant[ is] obliged to show that [he] will be prejudiced if [he does] not receive the information sought[.]" *Id.*  Defendant does not articulate why the names are necessary to help him prepare any defense, including any alibi defense, or any specific prejudice he will suffer if his request is denied and/or if he does not receive the names at this time.  Further, as already referenced in connection with Defendant's request for overt acts, a conspiracy charge may be sustained by showing that a defendant entered into an agreement, whether or not that defendant's co-conspirators are identified.  "[I]n order for [the defendant] to be convicted of conspiracy it [i]s not necessary for the government to prove that he knew all of the members of the conspiracy." *United States v. Pofahl*, 990 F.2d 1456, 1470 (5th Cir. 1993); *United States v. Faulkner*, 2011 WL 2880919, at *3 (N.D. Tex. July 15, 2011).  Additionally, a bill of particulars regarding the identity of co-conspirators is largely obviated by the provision of a witness list before trial.  *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987); *United States v. Hagen*, No. 3:19-CR-146-B, 2020 WL 1929848, *13 (N.D. Tex. Apr. 21, 2020).  At present, counsel for the Government is required to provide a list of witnesses on or before October 30, 2020 [Dkt. 864].  The Court recommends denying Defendant's request for confidential source and/or co-conspirator names through a bill of particulars.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss the Indictment, or, in the alternative, For a Bill of Particulars [Dkt. 738] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 27th day of July, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE